The Vice-Chancellor.
Both parties concur in moving for a receiver, and the question arises, what shall the receiver take ? It is manifest that the principal "value of the establishment in which these gentlemen were partners, consisted in the good will attached to it. It is useless to trace the origin and growth of this good will. All the partners contributed to it, and whether in equal or very unequal proportions, is quite immaterial. It belongs equally to them all, and is an important and valuable interest, which the law recognizes and will protect. (See Harrison v. Gardner, 2 Madd. R. 198, which is a full and leading authority on the subject. Also Dougherty v. Van Nostrand, 1 Hoff. Ch. R. 68; Story on Part. § 99, and notes, 211, 212)
Unless this interest be protected and enforced between these parties, it is clear that there will be injustice done to one side or the other, and that the receiver will have but an insignificant -duty to perform.
Then as to the course to be pursued by the receiver, when vested with the good will of the concern. It is impossible for *381 him to conduct an insane hospital, or a lazaretto for foreign immigrants. The only practicable course is for him to sell immediately, the lease of the premises where the business was conducted, with the goo.d will of the business and the movables which belonged to the institution. And in order to give efficacy to the sale of the good will, either of the parties may become the purchaser; and except they purchase, all of them must be restrained from conducting' the same business, directly or indirectly, in this city. In other respects the receiver will have the usual powers.